

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH C. SNIDER, *Individually and as Executrix of the Estate of Daniel A. Snider*, and
LEE W. SNIDER, *a minor, by his mother, Elizabeth C. Snider*,

    Plaintiffs,

v.

STERLING AIRWAYS, INC. *et al.*,

    Defendants.

Civil Action No. 2:13-CV-2949



## FIRST AMENDED COMPLAINT

Come now the Plaintiffs, Elizabeth C. Snider, Individually and as Executrix of the Estate of Daniel A. Snider, and Lee W. Snider, a minor, by his mother, Elizabeth C. Snider and state as follows:

### I. THE PARTIES

1. This is an action for wrongful death and survival arising out of the June 21, 2010 crash of Aircraft N30266 just short of Runway 9 at William T. Piper Memorial Airport in Lock Haven, Pennsylvania. Daniel A. Snider died in the post-crash fire.

2. At the time of his death, Daniel A. Snider was a resident of Monongalia County, West Virginia and an employee of the United States Department of Agriculture, Forest Service ("Forest Service").

3. Elizabeth C. Snider was married to Daniel A. Snider at the time of his death. She is the mother of Lee W. Snider and the Executrix of Daniel A. Snider's estate. At all times relevant to this matter, Elizabeth C. Snider has been a resident of Monongalia County, West Virginia.

6033683

4. Lee W. Snider is the son of Daniel A. Snider. At all times relevant to this matter, he has been a resident of Monongalia County, West Virginia.

5. Charles Snider and Sharon Snider are the parents of Daniel A. Snider. They have elected not to participate as plaintiffs in this civil action. They reside at 245 Days Run Road, Fairview, West Virginia 26570, and can be reached at (304) 879-5102.

6. Defendant Sterling Airways, Inc. ("Sterling") is a New York corporation with its principal place of business at 1160 Airport Road, Hormel, New York 14843.

7. Defendant Continental Motors, Inc. ("Continental") (formerly known as Teledyne Continental Motors, Inc.) is a Delaware corporation with its principal place of business at 2039 Broad Street, Mobile, Alabama 36615, and a registered agent at c/o National Corporate Research, Ltd., 600 North 2nd Street, Suite 500, Harrisburg, PA 17101.

8. Defendant TDY Industries, LLC. ("TDY") (formerly known as Teledyne Industries, Inc.) is a California corporation with its principal place of business at 1000 Six PPG Place, Pittsburgh, Pennsylvania 15222.

9. Defendant Teledyne Technologies Incorporated ("TTI") is a Delaware corporation with its principal place of business at 1049 Camino Dos Rios, Thousand Oaks, California 91360, and a registered agent at c/o National Corporate Research, Ltd., 600 North 2nd Street, Suite 500, Harrisburg, PA 17101.

10. Defendant Technify Motor (USA) Inc. ("Technify") is an Alabama corporation with its principal place of business at 2039 Broad Street, Mobile, Alabama 36615.

## II. JURISDICTION AND VENUE

11. Sterling is the registered owner of, and at the time of the accident which is the subject of this lawsuit was the operator of, a model T-210L airplane manufactured by Cessna Aircraft Company and having identification number N30266 ("Aircraft N30266"). In 2007,

Sterling entered into contract number AG-3604-C-08-0002 ("the Contract") with the Forest Service. Pursuant to the Contract, Sterling provided the Forest Service with Aircraft N30266 and a pilot, Patrick Jessup, for the purpose of conducting aerial deforestation surveys over several states, including the Commonwealth of Pennsylvania. Sterling promised to maintain and operate the aircraft in accord with the requirements of Part 135 of the Federal Aviation Regulations ("FAR's") and to obtain Aircraft Public and Passenger Liability Insurance coverage in the amount of not less than $200,000.00 per person. The contract term was for a one-year period, after which the Contract automatically renewed for additional one-year periods. The Contract was in a one-year renewal period when Aircraft N30266 crashed on June 21, 2010, resulting in the deaths of passenger and Forest Service employee Daniel A. Snider, fellow passenger and Forest Service employee Rodney L. Whiteman, and pilot and Sterling employee Patrick Jessup.

    12. Pursuant to the Contract, Aircraft N30266, while piloted by Jessup, made frequent stops at airports in Pennsylvania and routinely conducted aerial survey operations in Pennsylvania airspace. On the date of the accident, Aircraft N30266, piloted by Jessup, departed from the Hornell, New York airport and flew to the airport at Clarion, Pennsylvania to pick up passengers Snider and Whiteman. The aircraft, its pilot, and its passengers then performed aerial survey operations over Pennsylvania before approaching the airport in Lock Haven, Pennsylvania with the intent to land there. The engine suffered a catastrophic in-flight failure, and the aircraft crashed just short of Runway 9 at the Lock Haven airport. Daniel A. Snider survived the impact, but died in the post-crash fire.

    13. The Contract was issued by the Forest Service Northern Research Station located in Newton Square, Pennsylvania. The Contracting Officer was Forest Service employee

Patricia Pierce, who was employed at the Northern Research Station located in Newton Square, Pennsylvania.

14. On the date of the accident, Aircraft N30266 was equipped with a model TSIO-520-H engine (serial number 198870-73H). The TSIO-520-H model engine was certified by the Federal Aviation Administration by revising Type Certificate E8CE on October 22, 1968. Teledyne Continental Motors ("TCM") is shown on the type certificate as the current certificate holder for the model TSIO-520-H engine. TCM did not yet exist as a corporate entity in 1968 when the model TSIO-520-H engine was certified. At that time, the manufacturer and certificate holder was Continental Aircraft Engine Co., a subsidiary of Continental Motor Company. Through mergers in 1969, Continental Aircraft Engine Co. became an unincorporated division of Defendant TDY (at the time known as Teledyne Industries, Inc.). Following the 1969 mergers, this unincorporated division of defendant TDY began doing business under the name of Teledyne Continental Motors ("TCM").

15. The TSIO-520-H engine, serial number 198870-73H, was installed in Aircraft N30266 in 1973, at which time TCM was an unincorporated division of defendant TDY.

16. TDY is a successor and real party in interest with regard to liabilities incurred by the Continental Aircraft Engine Co. and its parent, Continental Motor Company, with regard to manufacture and certification of model TSIO-520-H engines.

17. In 1999, defendant TTI purchased all assets and liabilities of the unincorporated division known as TCM-Piston Engines from Allegheny. This transaction has been described by TDY and TTI as a "spin off" pursuant to which TTI assumed all responsibility to pay for liabilities for piston engine production by TCM while it was part of TDY.

18. In 2001, the unincorporated division of TTI known as Teledyne Continental Motors was incorporated under the name, Teledyne Continental Motors, Inc.

19. In 2011, Teledyne Continental Motors, Inc. changed its name to Continental Motors, Inc. Shortly thereafter, TTI sold Continental Motors, Inc. ("Continental") to Technify Motors (USA), Inc. ("Technify"). Technify assumed responsibility to pay for liabilities of Continental.

20. TDY, Continental, TTI, and Technify ("the Continental defendants"), and the TCM operational division which they controlled, are or have been the designers, manufacturers, assemblers, marketers, promoters, sellers, certifiers, and product support suppliers with regard to model TSIO-520-H engines.

21. As set forth more fully in the subparagraphs below, Defendant Continental Motors, Inc. manufactured and sold defective cylinder and valve assemblies, p/n 655470A3 for use with the TSIO-520-H engine.

    a. On or about late 2003 or early 2004 Defendant CMI installed defective exhaust valve guides p/n 636242 into cylinder and valve assemblies p/n 655470A3. On or about late 2003 or early 2004 Defendant CMI sold cylinder and valve assemblies p/n 655470A3 with defective exhaust valve guides p/n 636242. These exhaust valve guides were defective because they did not meet minimum hardness specifications. One such defective exhaust valve guide was part of the cylinder and valve assembly installed in the no. 2 position on the accident aircraft's engine during an overhaul in 2004. This exhaust valve guide wore excessively and fractured because it was too soft. The excessive wear caused this exhaust valve guide to fracture, which fracture initiated a series of events that caused the failure of the engine.

b.     On or about late 2003 Defendant CMI manufactured and sold defective cylinder and valve assemblies p/n 655470A3. These cylinder and valve assemblies were defective because they were not accompanied by sufficient instructions to provide for their safe use. The lack of sufficient instructions caused Defendant Sterling to install incorrect parts in the engine of aircraft N30266. Those incorrect parts caused the exhaust valve guides to overheat and then wear excessively, which then caused the exhaust valve guide in the no. 2 cylinder and valve assembly in the accident aircraft to fracture, which then set in motion a chain of events that led to the failure of the engine. Thus, the failure to provide sufficient instructions described in the subparagraphs below was both the factual and legal cause of the accident. More specifically, CMI failed to warn owners, operators, and maintainers of aircraft engines that:

(i) cylinder and valve assembly 655470A3 is unsafe if it is installed with six "narrow band" hydraulic lifters p/n 628488 in the exhaust position.

(ii) cylinder and valve assembly 655470A3 is unsafe if it is installed with the combination of: (1) exhaust rocker arms that do not have "oil squirt holes;" and, (2) single-piece rocker arm bushings.

22.    In 1997 Defendant TDY issued defective service bulletins titled SB 97-6 and SB 97-11. Service bulletin 97-6 is defective because it did not list exhaust rocker arms as mandatory replacement parts at overhaul, even though the exhaust rocker arms shipped with the engines when the TSIO-520-H engine was originally certified did not have "oil squirt holes" to direct cooling and lubricating oil to the exhaust valve guides, and subsequently, TDY "obsoleted" these "'non-squirt hole" exhaust rocker arms by developing exhaust rocker arms that did have oil squirt holes. SB 97-11 is defective because the original certified configuration of the TSIO-520-H engine included a combination of "non-squirt hole" exhaust rocker arms with

two-piece exhaust rocker arm bushings. TDY subsequently developed a single-piece exhaust rocker arm bushing. TDY knew or should have known that the combination of a single piece exhaust rocker arm bushing with a non-squirt hole exhaust rocker arm would not deliver sufficient cooling and lubricating oil to the exhaust valve guides. TDY therefore published SB 97-11, which warns against combining its single-piece bushings with non-squirt hole rocker arms. However, SB 97-11 does not warn against using any single piece bushing with non-squirt hole rocker arms. These failures to warn by TDY caused Sterling to install in the engine in the accident aircraft non-squirt hole rocker arms with single piece bushings. This combination did not deliver sufficient cooling and lubricating oil to the exhaust valve guides, which caused the exhaust valve guides to overheat and to wear excessively. The excessive wear led to the fracture of the no. 2 exhaust valve guide. This fracture then set in motion a chain of events that led to the failure of the engine. Thus, the failure to provide sufficient instructions in SB 97-6 and SB 97-11 was both the factual and legal cause of the accident.

23. Venue is proper in this Court under the provisions of Pa. R. Civ. P. 2179 in that one or more of the defendant corporations have their principal places of business in Allegheny County, Pennsylvania.

24. This Court has jurisdiction over the defendants under the provisions of 42 Pa. Cons. Stat. § 5322(a)(1) in that all of them have conducted business within Pennsylvania.

### III. WRONGFUL DEATH AND SURVIVAL ACTION

#### A. STERLING

25. Defendant Sterling was negligent, grossly negligent, and/or reckless in failing to maintain Aircraft N30266 in reasonably safe condition, by failing to maintain aircraft N30266 in accord with the requirements of part 135 of the FAR's, and by failing to comply with issuance and compliance requirements for an Air Carrier Certificate as set forth in Part 119 of the

FAR's. By way of example, Sterling failed to calibrate instruments used to check compression during annual inspections and failed to use a bore scope to inspect cylinders and their component parts. Sterling's negligent failure to adequately inspect and maintain Aircraft N30266 was a proximate cause of the wrongful death of Daniel A. Snider. Sterling breached the Contract with the Forest Service by failing to maintain Aircraft N30266 in accord with the requirements of Parts 119 and 135 of the FAR's, and by procuring Aircraft Public and Passenger Liability Insurance coverage in the amount of $100,000.00 per person instead of in the contractually-required amount of not less than $200,000.00 per person. Plaintiffs are third-party beneficiaries of the portions of the Contract which Sterling breached.

26. As a result of Sterling's negligence, gross negligence, recklessness, and breach of contract, Elizabeth Snider and Lee Snider have suffered anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate, and the loss of household services provided by Daniel A. Snider. Elizabeth Snider and Lee Snider are entitled to recover damages, pursuant to 42 Pa. Cons. Stat. § 8301, from Sterling for their anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate and the loss of household services provided by Daniel A. Snider.

27. As a result of Sterling's negligence, gross negligence, recklessness, and breach of contract, Daniel A. Snider experienced tremendous pain and suffering, emotional distress, and loss of future income and earning capacity. Pursuant to 42 Pa. Cons. Stat. § 8302 and 20 Pa. Cons. Stat. § 3373, the Estate of Daniel A. Snider is entitled to recover damages from Sterling for Daniel A. Snider's lost future income and earning capacity, pain and suffering experienced, emotional distress, and punitive damages.

### *B.   TDY*

28.     As set forth in paragraph 22, which is incorporated herein by reference, above, Defendant TDY failed to warn Sterling not to use Non-Squirt Hole Rocker Arms and not to use Single-Piece Rocker Arm Bushings with these Rocker Arms. TDY's failure to warn against the use of these parts resulted in the engine's failure and Daniel Snider's death. Defendant TDY is strictly liable for the damages caused by the failure to warn. As a result of TDY's defective service bulletins and failure to warn, Elizabeth Snider and Lee Snider have suffered anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate, and the loss of household services provided by Daniel A. Snider. Elizabeth Snider and Lee Snider are entitled to recover damages pursuant to 42 Pa. Cons. Stat. § 8301 from TDY for their anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate, and the loss of household services provided by Daniel A. Snider.

29.     As a result of TDY's defective service bulletins and failure to warn, Daniel A. Snider experienced tremendous pain and suffering, emotional distress, and loss of future income and earning capacity. Pursuant to 42 Pa. Cons. Stat. § 8302 and 20 Pa. Cons. Stat. § 3373, the Estate of Daniel A. Snider is entitled to recover damages from TDY for Daniel A. Snider's lost future income and earning capacity, pain and suffering, emotional distress, and punitive damages.

### *C.   TTI*

30.     Defendant TTI is a real party and successor in interest to defendant TDY. TTI contractually assumed the obligation to pay TDY's liabilities, which, includes but is not limited to liabilities based upon service and maintenance guidance. TDY's conduct, as alleged in the preceding paragraph, caused the death of Daniel A. Snider.

31. As a result of TDY's conduct as set forth above, for which TTI has contractually assumed the obligation to pay TDY's liabilities, Elizabeth Snider and Lee Snider have suffered anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate, and the loss of household services provided by Daniel A. Snider. Elizabeth Snider and Lee Snider are entitled to recover damages Pursuant to 42 Pa. Cons. Stat. § 8301 from TTI for their anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate, and the loss of household services provided by Daniel A. Snider.

32. As a result of the foregoing conduct Daniel A. Snider experienced tremendous pain and suffering, emotional distress, and loss of future income and earning capacity. Pursuant to 42 Pa. Cons. Stat. § 8302 and 20 Pa. Cons. Stat. § 3373, the Estate of Daniel A. Snider is entitled to recover damages from TTI for Daniel A. Snider's lost future income and earning capacity, pain and suffering, emotional distress, and punitive damages.

### D. CONTINENTAL

33. Defendant Continental Motors, Inc. is liable both as a real party and successor in interest to defendants TDY and TTI, and also for manufacturing and selling defective cylinder and valve assemblies with exhaust valve guides that did not meet minimum hardness specifications and did not have sufficient instructions for their safe use, as set forth in paragraph 21, which is incorporated herein by reference. These defective cylinder assemblies, and more specifically the exhaust valve guide in cylinder assembly no. 2 in the accident aircraft, failed in flight, causing the death of Daniel A. Snider. Defendant Continental is strictly liable for the damages caused by this failure. Continental is also guilty of negligence, gross negligence, and recklessness because Continental knew that exhaust valve guides p/n 636242 were wearing excessively and prematurely, Continental knew that excessive wear of exhaust valve guides is

likely to lead to engine failure, and Continental did not take any steps to address this problem. Moreover, Continental knowingly departed from its own inspection protocols intended to safeguard against utilizing exhaust valve guides that do not meet minimum hardness specifications.

34. As a result of Continental's strict liability, negligence, gross negligence, and recklessness, Elizabeth Snider and Lee Snider have suffered anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate, and the loss of household services provided by Daniel A. Snider. Elizabeth Snider and Lee Snider are entitled to recover damages Pursuant to 42 Pa. Cons. Stat. § 8301 from Continental for their anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate and the loss of household services provided by Daniel A. Snider.

35. As a result of Continental's negligence, gross negligence, recklessness, strict liability, and breach of warranty, Daniel A. Snider experienced tremendous pain and suffering, emotional distress, and loss of future income and earning capacity. Pursuant to 42 Pa. Cons. Stat. § 8302 and 20 Pa. Cons. Stat. § 3373, the Estate of Daniel A. Snider is entitled to recover damages from TTI for Daniel A. Snider's lost future income and earning capacity, pain and suffering, emotional distress, and punitive damages.

### E. *TECHNIFY*

36. Defendant Technify Motors (USA), Inc. is a real party and successor in interest to defendants TDY TTI, and Continental ("Technify's predecessors"). Technify contractually assumed the obligation to pay the liability that Contintental incurred for manufacturing and selling defective cylinder and valve assemblies and any liability passed to CMI from TTI that originated with TDY, including when it issued defective service bulletins

SB97-6 and SB97-11. Continental's conduct, as set forth above, caused the death of Daniel A. Snider.

37. As a result of the failure to warn, strict liability, negligence, gross negligence, and recklessness of Technify's predecessors, Elizabeth Snider and Lee Snider have suffered anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate, and the loss of household services provided by Daniel A. Snider. Elizabeth Snider and Lee Snider are entitled to recover damages pursuant to 42 Pa. Cons. Stat. § 8301 from Technify for their anguish and emotional distress, loss of consortium, funeral expenses, the costs of administering Daniel A. Snider's Estate, and the loss of household services provided by Daniel A. Snider.

38. As a result of the negligence, gross negligence, recklessness, strict liability, and failure to warn by Technify's predecessors, Daniel A. Snider experienced tremendous pain and suffering, emotional distress, and loss of future income and earning capacity. Pursuant to 42 Pa. Cons. Stat. § 8302 and 20 Pa. Cons. Stat. § 3373, the Estate of Daniel A. Snider is entitled to recover damages from Technify for Daniel A. Snider's lost future income and earning capacity, and pain and suffering experienced by Daniel A. Snider, emotional distress experienced by Daniel A. Snider.

WHEREFORE, Plaintiffs respectfully request that they be awarded the damages prayed for in the preceding paragraphs. Plaintiffs request a trial by jury.

Respectfully submitted,

John R. Merinar, Jr. (PA ID# 204675)
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
(304) 933-8135
*Attorney for Plaintiffs*

STEPTOE & JOHNSON PLLC
Of Counsel

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ELIZABETH C. SNIDER,** *Individually and as Executrix of the Estate of Daniel A. Snider***,** *and*
**LEE W. SNIDER,** *a minor, by his mother, Elizabeth C. Snider***,**

    *Plaintiffs,*

v.

**STERLING AIRWAYS, INC.** *et al.*,

    *Defendants.*

Civil Action No. 2:13-CV-2949

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2016, I served a true and accurate copy of "First Amended Complaint" via e-mail and U.S. Mail, postage prepaid, upon all counsel of record as follows:

JEFFREY W. MORYAN
CONNELL FOLEY LLP
85 LIVINGSTON AVENUE
ROSELAND, NJ 07068
973-535-0500
Email: jmoryan@connellfoley.com
    *Counsel for Sterling Airways, Inc.,*
    *Lise Limeland Jessup*

PATRICK J. HUGHES
CONNELL FOLEY LLP
457 HADDONFIELD ROAD
SUITE 230
CHERRY HILL, NJ 08002
856-317-7100
Fax: 856-317-7117
Email: phughes@connellfoley.com
    *Counsel for Sterling Airways, Inc.*
    *Lise Limeland Jessup*

SUSAN KWIATKOWSKI
CONNELL FOLEY LLP
85 LIVINGSTON AVE
ROSELAND, NJ 07068
973-535-0500
Email: skwiatkowski@connellfoley.com
   *Counsel for Sterling Airways, Inc.,*
   *Lise Limeland Jessup*

LAURIE ALBERTS SALITA
JACOBS LAW GROUP PC
ONE COMMERCE SQUARE
2005 MARKET ST SUITE 1120
PHILADELPHIA, PA 19103
215-569-9701
Fax: 215-569-9788
Email: lsalita@jacobslawpc.com
   *Counsel for Continental Motors, Inc.*
   *TDY Industries, Inc.,*
   *Teledyne Technologies Incorporated,*
   *Allegheny Technologies Incorporated,*
   *Technify Motors (USA), Inc.*

WILL S. SKINNER
SKINNER LAW GROUP
21600 OXNARD ST SUITE 1760
WOODLAND HILLS, CA 91367
818-710-7700
Email: skinner@skinnerlawgroup.com
   *Counsel for Continental Motors, Inc.*
   *TDY Industries, Inc.,*
   *Teledyne Technologies Incorporated,*
   *Allegheny Technologies Incorporated,*
   *Technify Motors (USA), Inc.*

LEIGH WOODRUFF
SKINNER LAW GROUP
21600 OXNARD ST SUITE 1760
WOODLAND HILLS, CA 91367
818-710-7700
Email: woodruff@skinnerlawgroup.com
   *Counsel for Continental Motors, Inc.,*
   *TDY Industries, Inc.,*
   *Allegheny Technologies Incorporated,*
   *Teledyne Technologies Incorporated,*
   *Technify Motors (USA), Inc.*

MARY ANN MULLANEY
JACOBS LAW GROUP PC
ONE COMMERCE SQUARE
2005 MARKET ST SUITE 1120
PHILADELPHIA, PA 19103
215-569-9701
Fax: 215-569-9788
Email: MMullaney@jacobslawpc.com
   *Counsel for Continental Motors, Inc.*
   *TDY Industries, Inc.,*
   *Teledyne Technologies Incorporated,*
   *Allegheny Technologies Incorporated,*
   *Technify Motors (USA), Inc.*

ALAN MATTIONI
UNITED STATES DEPARTMENT OF JUSTICE
1425 NEW YORK AVENUE, NW
WASHINGTON, DC 20005
202-616-4104
Fax: 202-616-4002
Email: Alan.Mattioni@usdoj.gov
   *Counsel for the United States*

_____   (PA ID# 204675)
John R. Mermar, Jr.