# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH C. SNIDER, Individually and as Executrix of the Estate of DANIEL A. SNIDER, and LEE W. SNIDER, a minor, by his mother, ELIZABETH C. SNIDER, <br><br> *Plaintiffs*, <br><br> v. <br><br> STERLING AIRWAYS, INC., *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br><br> No. 2:13-cv-02949-JCJ |

## **ORDER**

AND NOW, this _____ day of _____, 2017, having considered all parties' arguments supporting and opposing the *Motion To Exclude Hearsay Sterling Airways, Inc. Intends To Present In Its Case-In-Chief*, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____
J. CURTIS JOYNER, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH C. SNIDER, Individually and as Executrix of the Estate of DANIEL A. SNIDER, and LEE W. SNIDER, a minor, by his mother, ELIZABETH C. SNIDER, <br><br> *Plaintiffs*, <br> v. <br><br> STERLING AIRWAYS, INC., *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br><br> No. 2:13-cv-02949-JCJ |

**MOTION TO EXCLUDE HEARSAY STERLING AIRWAYS, INC. INTENDS TO PRESENT IN ITS CASE-IN-CHIEF**

1.     Pursuant to F.R.E. 602, 801, 802, and 403, Continental Motors, Inc., Teledyne Technologies Incorporated and TDY Industries, LLC (collectively "CMI") hereby move to exclude hearsay statements allegedly made to James Caneen (or others) by unavailable declarant David Crane, who was the Director of Maintenance ("DOM") for defendant/cross-claim defendant Sterling Airways, Inc. ("Sterling") about several events and second layer hearsay statements allegedly made by personnel at CMI to Mr. Crane.

2.     Upon request from undersigned counsel during this trial, Sterling's counsel has refused to confirm that he will not have Mr. Caneen (or any witness) testify about the below-listed impermissible hearsay information learned from out-of-court statements made by unavailable Mr. Crane:

> The engine was last overhauled in 2004. Sterling's Director of Maintenance, David Crane, performed the disassembly and reassembly of the engine, and sent parts out to reputable and well-respected FAA certified facilities for repair, refurbishment, or

2

replacement, as appropriate. **[1] Sterling ordered from CMI the then-current overhaul manual and parts catalogue, and [2] confirmed it to be current**. During the 2004 overhaul, all six cylinders in the engine were replaced with new CMI parts.

During a 2007 annual/100 hour inspection, two of the six cylinders, nos. 3 and 5, showed low compression. Because the cylinders had a relatively low amount of flight hours on them, **[3] David Crane contacted CMI to inquire about warranty claims and [4] was told to contact the parts distributor from whom the cylinders were purchased. CMI failed to indicate during the Crane conversation that there was any known problem with CMI cylinders or that the other CMI cylinders, including the No. 2, which showed compression within the normal range, should be replaced**.

Sterling Pretrial Statement, Doc. 145 at 3-4 (emphasis added; bracketed numbers [1] through [4] added to enumerate the several different hearsay components).

3.  A supporting brief is attached.

Respectfully Submitted,

By:

*Leigh Woodruff*
Will S. Skinner (admitted pro hac vice)
Leigh Woodruff (Pa. I.D. 86684)
Skinner Law Group
21600 Oxnard Street, Suite 1760
Woodland Hills, CA 91367
(818) 710-7709
skinner@skinnerlawgroup.com
woodruff@skinnerlawgroup.com


Laurie Alberts Salita (Pa. I.D. 87884)
Jacobs Law Group, P.C.
One Commerce Sq.
2005 Market Street, Suite 1120
Philadelphia, PA 19103
(215) 569-9701
lsalita@jacobslawpc.com


*Counsel for Continental Motors, Inc., TDY Industries, LLC and Teledyne Technologies Incorporated*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH C. SNIDER, Individually and as Executrix of the Estate of DANIEL A. SNIDER, and LEE W. SNIDER, a minor, by his mother, ELIZABETH C. SNIDER,<br><br>*Plaintiffs*,<br>v.<br><br>STERLING AIRWAYS, INC., *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br><br>No. 2:13-cv-02949-JCJ |

**BRIEF SUPPORTING MOTION TO EXCLUDE HEARSAY STERLING AIRWAYS, INC. INTENDS TO PRESENT IN ITS CASE-IN-CHIEF**

Continental Motors, Inc., Teledyne Technologies Incorporated and TDY Industries, LLC (collectively "CMI") hereby move to exclude hearsay statements allegedly made to James Caneen (or others) by David Crane, who was the Director of Maintenance ("DOM") for defendant/cross-claim defendant Sterling Airways, Inc. ("Sterling") about several events and second layer hearsay statements allegedly made by personnel at CMI to Mr. Crane.

Mr. Crane's deposition in this case was rescheduled several times. Before the third scheduled deposition date, Mr. Crane suffered a stroke. Mr. Crane has recovered to the extent that he was able to speak with James Caneen (Sterling's President), and tell Mr. Caneen his recollections about alleged events and conversations with CMI personnel. However, **Mr. Crane was never deposed and will not testify at trial** because (according to reports from Sterling's counsel) Mr. Crane has still not recovered to the extent that he can testify. During his opening statement, Sterling's counsel indicated that he intends to present evidence that he can only elicit

1

from Mr. Caneen (or other listed trial witnesses) as hearsay statements received from Mr. Crane. Upon request from undersigned counsel during this trial, Sterling's counsel has refused to confirm that he will not have Mr. Caneen (or any witness) testify about the below-listed impermissible hearsay information learned from out-of-court statements made by Mr. Crane:

> The engine was last overhauled in 2004. Sterling's Director of Maintenance, David Crane, performed the disassembly and reassembly of the engine, and sent parts out to reputable and well-respected FAA certified facilities for repair, refurbishment, or replacement, as appropriate. **[1] Sterling ordered from CMI the then-current overhaul manual and parts catalogue, and [2] confirmed it to be current**. During the 2004 overhaul, all six cylinders in the engine were replaced with new CMI parts.
>
> During a 2007 annual/100 hour inspection, two of the six cylinders, nos. 3 and 5, showed low compression. Because the cylinders had a relatively low amount of flight hours on them, **[3] David Crane contacted CMI to inquire about warranty claims and [4] was told to contact the parts distributor from whom the cylinders were purchased. CMI failed to indicate during the Crane conversation that there was any known problem with CMI cylinders or that the other CMI cylinders, including the No. 2, which showed compression within the normal range, should be replaced**.

Sterling Pretrial Statement, Doc. 145 at 3-4 (emphasis added; bracketed numbers [1] through [4] added to enumerate the several different hearsay components). Testimony by Mr. Caneen or other witnesses about the above-highlighted statements would constitute (sometimes multi-layered) impermissible hearsay.

> Although Rule 30(b)(6) allows a corporate designee to testify to matters within the corporation's knowledge during deposition, **at trial the designee may not testify to matters outside his own knowledge to the extent that information is hearsay not falling within one of the authorized exceptions**.

*TIG Ins. Co. v. Tyco Int'l Ltd*., 919 F. Supp. 2d 439, 454 (M.D. Pa. 2013) (following *Union Pump Co. v. Centrifugal Tech. Inc*., 404 F. App'x 899, 907-08 (5th Cir. 2010) (emphasis added); *see also Union Pump, supra* (explaining "Rule 32(a)(3) permits an *adverse party* to use that [30(b)(6)] deposition testimony during trial) (italics in original) (citing *Brazos River Auth. v. GE Ionics, Inc*., 469 F.3d 416, 435 (5th Cir. 2006)). Put simply: "**Rule 30(b)(6) does not eliminate**

2

**Rule 602's personal knowledge requirement**," *Indus. Eng'g & Dev. v. Static Control Components, Inc.*, 2014 U.S. Dist. LEXIS 141823, *10, 95 Fed. R. Evid. Serv. (Callaghan) 820 (M.D. Fla. Oct. 6, 2014); and "**[a] corporate representative is not permitted to repeat rank hearsay**" at trial. *Union Pump, supra* (emphasis added). Hearsay is a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." F.R.E. 801(c). Each of Sterling's proposed hearsay statements is analyzed individually below:

- **Hearsay statements [1] and [2]: "Sterling ordered from CMI the then-current overhaul manual and parts catalogue, and [2] confirmed it to be current**."[1]

In January 2016, Mr. Caneen was deposed as Sterling's sole 30(b)(6) corporate designee. In that deposition, he testified as follows concerning the sources of his information:

Q. What did you do to prepare to testify today as the corporate representative for Sterling Airways, Incorporated? […]

A. Well, **I tried to communicate some by telephone with David Crane, the director of maintenance** to refresh my memory, and **to ascertain certain things that happened where I wasn't present during the maintenance of the airplane**, for instance.

Q. **Did you do anything other than speak with Mr. Crane**?

A. Not -- **no**. […] I did retrieve the parts manual, and the overhaul manual that had been given to third party. I think that's all I've done.

Q. So is it accurate you did not speak to anyone else other than Mr. Crane to gain information responsive to either of the notices of deposition for today?

A. That's correct.

(Caneen Dep. 1/13/16 at 88:19-89:19 (emphasis added)). In short, Mr. Caneen admitted that the basis of his knowledge about relevant maintenance events is not his own personal knowledge, but rather out-of-court statements made to him by Mr. Crane.

---

[1] Given Sterling's use of the singular pronoun "it," we cannot determine whether "it" refers to the overhaul manual or parts catalogue. In an excess of caution, CMI assumes in this brief that "it" refers to both.

3

Specifically concerning the alleged 2004 ordering of CMI manuals by Mr. Crane, Mr. Caneen testified as follows:

> Q. Mr. Caneen, going back to the 2004 overhaul, did Mr. Crane order new manuals for that overhaul?
>
> A. He did.
>
> Q. What manuals did he order?
>
> A. The overhaul manual and the parts manual that are here in place. […]
>
> Q. Who did he order these manuals from?
>
> A. I don't remember. I don't -- I don't remember.
>
> Q. Have you gone back to look to determine whether there's any record of payment, or invoice, regarding the purchase of those manuals?
>
> A. No.
>
> Q. Do you think, at this point in time in 2016, there is any possibility that Sterling still has a record of those purchases in the form of an invoice or record of payment?
>
> A. Not from 12 years ago. I don't think so.
>
> Q. The manuals that were ordered, regardless of whom they were ordered from, what's your understanding of what entity prepares those manuals?
>
> A. The parts manufacturer. […]
>
> Q. Would that be Continental?
>
> A. Yes.

(J. Caneen 1/13/16 Dep. at 73:21-75:8). In short, Mr. Caneen testified he has no document showing that Mr. Crane ordered from CMI in 2004 the manuals that were then current; rather, that is information that Mr. Crane told Mr. Caneen in an out-of-court statement that Sterling intends to have Mr. Caneen testify about for its truth, *i.e.*, **classic Rule 801 hearsay**.

Later in his deposition, Mr. Caneen testified as follows concerning the alleged call that

4

Mr. Crane made in 2004 to confirm that the manuals he received were, in fact, current:

> Q. Do you recall whether there were FAA representatives who made a site visit during the period when the 2004 overhaul was being conducted on the engine in N30266?
>
> A. **David [Crane] would be the one that would have dealt with them**, but I do believe they were there, at least, just prior to the commencement of the work.
>
> Q. Do you remember anything about the substance of any discussions with those representatives at the time?
>
> A. Again, **David [Crane] would be the one to respond to that**, but I believe they came and they saw what was happening. **They questioned him** about the right materials, and the right resource. And I believe we did have the manuals. I believe we did have the parts book and the maintenance overhaul manual on site at the time. I believe **David [Crane] relayed to me** that there was a question made by the FAA are these the current manuals? **He said I'll call up Continental and find out. I think they made that call at the time**. […]
>
> Q. Tell me what the purpose of the call was?
>
> A. To find out if the manuals were the current manuals that could be used for that overhaul.
>
> Q. What is Sterling's understanding as to **what response David Crane received from Continental**?
>
> A. **That they, indeed, were the correct resource**.

(J. Caneen Dep. 1/13/16 at 83:15-84:13; 85:14-24 (emphasis added)).  Concerning the source of that information, Mr. Caneen testified:

> Q. [Y]ou testified that you think Mr. Crane called CMI to make sure he had the current manufacturer's manuals.  Do you recall saying that?
>
> A. Yes.
>
> Q. Why do you think that Mr. Crane did that? What's the basis of your thought?
>
> A. **He told me he did. I was not present**.

(*Id*. at 144:14-145:1 (emphasis added)).  In short, Sterling proposes to have Mr. Caneen testify that **Mr. Crane told him** that he (Mr. Crane) called CMI, and that some unknown person at

5

**CMI told Mr. Crane** that his recently ordered manuals were current. Such testimony would include at least two levels of classic impermissible hearsay under Rule 801.

- **Hearsay statements [3] and [4]: "[3] David Crane contacted CMI to inquire about warranty claims and [4] was told to contact the parts distributor from whom the cylinders were purchased. CMI failed to indicate during the Crane conversation that there was any known problem with CMI cylinders or that the other CMI cylinders, including the No. 2, which showed compression within the normal range, should be replaced**."

Concerning these alleged 2007 events, Mr. Caneen testified as follows in his deposition:

Q. Were you, as the president, involved in the decision to send the cylinders to Penn Yan Aero for work to be performed?

A. Yes.

Q. And what was your thinking about why Penn Yan Aero?

A. When the conditions of the cylinders were **brought to my attention**, they were relatively new, and I wondered if there was any, perhaps, warranty available to them. **David Crane has told me** that **he called Continental Motors and asked** the question if there was any warranty, or what would be done. **He was told** that any warranty, if there was any, would be processed through the supplier of those cylinders that we purchased. And that would have been API.

(*Id*. at 37:9-25 (emphasis added)).

Q. Okay. Sounds like you don't know whether David Crane did anything to pursue that [possible warranty claim]. Is that correct?

A. He did not.

Q. You know that he did not do anything. How do you know that?

A. **Because he told me on the telephone**.

Q. Was that during one of the conversations to prepare for today?

A. Yes.

Q. Did you ask him why he didn't do anything further to pursue the warranty claim of API?

A. **We talked about the phone call a little bit. He was a little vague about it**.

6

>Couldn't remember specifically any other comments that were made to him at the time other than those.

(*Id.* at 145:4-147:5 (emphasis added)).  In short, again, Sterling proposes to have Mr. Caneen testify that **Mr. Crane told him** that he (Mr. Crane) called CMI, and that some unknown person at **CMI told Mr. Crane** some information, this time about warranty claim procedures.  This testimony too would include at least two levels of classic impermissible hearsay under Rule 801.

In sum, all of the testimony Sterling proposes to have Mr. Caneen give concerning of the 2004 and 2007 alleged events discussed above constitutes impermissible hearsay under F.R.E. 801 (sometimes with multiple levels of "hearsay within hearsay") – and none of the "declarant unavailable" exceptions to the hearsay rule even arguably applies. See F.R.E. 804 (providing only the following exceptions: (1) statement under the belief of imminent death about cause of imminent death; (2) statement against interest; (3) statement of personal or family history; and (4) statement offered against a party that wrongfully caused the declarant's unavailability). Thus, all of that information must be excluded pursuant to F.R.E. 802.  Further, allowing Sterling to introduce such evidence via trial testimony of Mr. Caneen (or any other listed witness) would also violate F.R.E. 403 by causing unfair prejudice to CMI, confusing the issues, and misleading the jury.  For all of these reasons, Mr. Caneen's testimony on these topics must be excluded.

>Respectfully Submitted,
>
>By:
>
>>*Leigh Woodruff*_____
>>Will S. Skinner (admitted pro hac vice)
>>Leigh Woodruff (Pa. I.D. 86684)
>>Skinner Law Group
>>21600 Oxnard Street, Suite 1760
>>Woodland Hills, CA 91367
>>(818) 710-7709
>>skinner@skinnerlawgroup.com
>>woodruff@skinnerlawgroup.com

                    Laurie Alberts Salita (Pa. I.D. 87884)
                    Jacobs Law Group, P.C.
                    One Commerce Sq.
                    2005 Market Street, Suite 1120
                    Philadelphia, PA 19103
                    (215) 569-9701
                    lsalita@jacobslawpc.com

*Counsel for Continental Motors, Inc., TDY Industries, LLC and Teledyne Technologies Incorporated*

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that on this date I caused a true and correct copy of the foregoing *Motion To Exclude Hearsay Sterling Airways, Inc. Intends To Present In Its Case-In-Chief* with supporting brief and proposed order, to be filed via the Official Court Electronic Document Filing System, and that said documents are therefore available for viewing and downloading from the ECF system. By virtue of this filing, service is complete upon receipt of the Court's e-mail notification of the Notice of Electronic Filing for the following Electronic Case Filing Users:

John R. Merinar, Esq.
Allison B. Williams, Esq.
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330-4500
jack.merinar@steptoe-johnson.com
allison.williams@steptoe-johnson.com
*Counsel for Plaintiff Elizabeth Snider*

Jeffrey W. Moryan, Esq.
Susan Kwiatkowski, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068
jmoryan@connellfoley.com
skwiatkowski@connellfoley.com
*Counsel for Sterling Airways, Inc.*


DATED: February 2, 2017                                             /s/ Leigh Woodruff