# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH C. SNIDER, Individually :
and as Executrix of the Estate of : CIVIL ACTION
DANIEL A. SNIDER, and :
LEE W. SNIDER, a minor, by his :
mother, ELIZABETH C. SNIDER : NO. 13-CV-2949
:
        Plaintiffs :
:
    vs. :
:
STERLING AIRWAYS, INC., and :
CONTINENTAL MOTORS, INC., :
:
        Defendants :

## MEMORANDUM AND ORDER

**JOYNER, J.**                                               **September 7, 2017**

    This wrongful death/products liability action is once again before the Court on Motion of the Plaintiffs for Delay Damages (Doc. No. 429). In accordance with the following rationale, the motion shall be granted.

## Factual Background

    Following a nearly four-week trial, a jury found in favor of the Plaintiffs, the wife and young son of decedent Daniel Snider, and against Defendant Continental Motors, Inc. ("CMI") finding CMI solely liable for Mr. Snider's wrongful death in a 2010 plane crash. Damages in the amount of $2,753,048.49 were awarded to Plaintiffs. Post-trial, CMI moved for a new trial and/or to

alter or amend the judgment and renewed its previously-filed motion for entry of judgment in its favor as a matter of law. Finding no merit in either motion, this Court denied both. By the motion now before us, Plaintiffs move for the entry of delay damages pursuant to Pa. R. C.P. 238. Defendant CMI opposes this motion and submits that it should either be denied in its entirety or alternatively, that a significantly lesser amount of such damages should be awarded.

## **Principles Underlying Rule 238**

It is by now well-settled that Rule 238 is deemed to be a substantive rule of Pennsylvania law which must be followed by federal courts sitting in diversity cases. <u>Kirk v. Raymark Industries, Inc.</u>, 61 F.3d 147, 168 (3d Cir. 1995)(citing <u>Fauber v. KEM Transportation and Equipment Co.</u>, 876 F.2d 327, 328 (3d Cir. 1989)); <u>Barnes v. Wal-Mart Stores, Inc.</u>, Civ. A. No. 06-1356, 2009 U.S. Dist. LEXIS 44356 at * 3 (E.D. Pa. March 26, 2009); <u>Lancenese v. Vanderlans & Sons</u>, Civ. A. No. 05-5951, 2009 U.S. Dist. LEXIS 3568 at *2 (E.D. Pa. Jan. 13, 2009). "Rule 238 permits a successful plaintiff in certain civil actions to recover damages for delay, *i.e.*, interest on the amount of his or her award." <u>Arthur v. Kuchar</u>, 546 Pa. 12, 682 A.2d 1250, 1253 (1996).

"The purpose of Rule 238 is twofold: '(1) to alleviate delay in the courts, and (2) to encourage defendants to settle

meritorious claims as soon as reasonably possible.'" Id.(citing Pa. R. C. P. 238, 1988 Explanatory Comment, Laudenberger v. Port Authority of Allegheny County, 496 Pa. 52, 436 A.2d 147 (1981), and Craig v. Magee Memorial Rehabilitation Center, 512 Pa. 60, 515 A.2d 1350 (1986)); Krebs v. United Refining Co., 2006 PA Super. 31, 46, 893 A.2d 776, 795 (Pa. Super. Ct. 2006). "Delay damages do not penalize a defendant that chooses to go to court; they simply do not permit a defendant to profit from holding money that belongs to the plaintiff by requiring the defendant to compensate the plaintiff for the loss of the use of that money during the time the defendant held it." Shamnoski v. PG Energy, 2000 PA Super 367, 765 A.2d 297, 305-306 (Pa. Super. Ct. 2000)(quoting Costa v. Lauderdale Beach Hotel, 534 Pa. 154, 626 A.2d 566, 570 (1993)).

Specifically, Rule 238 reads as follows in pertinent part:

**Rule 238. Damages for Delay in Actions for Bodily Injury, Death or Property Damage**

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa. C. S. §7361, and shall become part of the verdict, decision or award.

(2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

(3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.

(b)(1) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

> (i) after the defendant made a written offer which complied with the requirements of subdivision (b)(2), provided that the plaintiff obtained a recovery which did not exceed the amount described in subdivision (b)(3), or
>
> (ii) during which the plaintiff caused delay of the trial.

(2) The written offer of settlement required by subdivision (b)(1)(i) shall contain an express clause continuing the offer in effect for at least ninety days or until commencement of trial, whichever occurs first, and shall either

> (i) be in a specified sum with prompt cash payment, or
>
> (ii) contain a structured settlement plus any cash payment. An offer that includes a structured settlement shall disclose the terms of payment underwritten by a financially responsible entity, the identity of the underwriter and the cost.

(3) The plaintiff's recovery required by subdivision (b)(1)(i) shall not be more than 125 percent of either the specified sum or the cost of the structured settlement plus any cash payment to the plaintiff.
...

In summary then, under Rule 238, delay damages may be assessed after one year has elapsed from the filing of the complaint through the date on which the jury returned its verdict, excluding: (1) the time period following which a

settlement offer in conformance with subdivision (b)(2)[1] has been made and, (2) those time periods during which the plaintiff caused delay of the trial.  The reason a plaintiff cannot collect for periods during which he or she caused delay of trial is that those are periods for which the plaintiff is the party responsible for prolonging the time during which he or she is denied use of his or her money.  Costa, supra.

"In making a decision on a plaintiff's entitlement to delay damages the mere length of time between the starting date and the verdict is not to be the sole criterion."  Babich v. Pittsburgh & New England Trucking Co., 386 Pa. Super. 482, 563 A.2d 168, 171 (1989)(quoting Craig, 512 Pa. at 66, 515 A.2d at 1353). Additionally, "[t]he fact finder shall consider: the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors."  Id.

Among the other pertinent factors for consideration is the reasonableness of the parties.  Kuchak v. Lancaster General Hospital, 377 Pa. Super. 288, 547 A.2d 372, 375-376 (1988).  In determining whether a party's decision regarding settlement of a case is unreasonable or in bad faith, the following additional

---

[1] Provided that the plaintiff is awarded a sum in excess of 125% of the amount offered.

factors are also appropriate for consideration: (1) the strengths and weaknesses of all the evidence, including evidence of liability to be presented on both sides; (2) the anticipated range of the verdict; (3) the relative appearance, persuasiveness and appeal of the plaintiff, defendant and various witnesses; (4) whether the plaintiff has engaged in reasonable negotiations; and (5) the amount of any offers compared to the jury award. Id, 547 A.2d at 376. Generally, a plaintiff's unreasonable settlement demands are not relevant because while excessive demands may slow the settlement process, they have little impact upon the speed of the litigation process. Schrock v. Albert Einstein Medical Center, 527 Pa. 191, 194, n.1, 589 A.2d 1103, 1105, n.1 (1991). And, nothing prevents a defendant from protecting him or herself against the assessment of delay damages by extending a prompt, reasonable settlement offer. Costa, supra,(citing Schrock, 527 Pa. at 195-197, 589 A. 2d at 1106, and Laudenberger, 496 Pa. at 69-70, 436 A.2d at 156).

## Discussion

In this case, Plaintiffs filed their complaint against Defendants initially in the Court of Common Pleas of Philadelphia County on May 31, 2012 and CMI promptly removed the case to this Court on June 1, 2012, prior to service of process. (See, Docket in Civil Action No. 2:12-CV-3054). For purposes of this motion, Plaintiffs allege and CMI agrees that June 1, 2012 may properly

be considered the date upon which process was originally served such that the time for commencing accrual of delay damages is June 1, 2013.[2] It is undisputed that no offers of settlement were ever made and the jury returned its verdict on February 16, 2017. Thus, for purposes of Rule 238, the period of time for which delay damages may be assessed is the nearly four-years between June 1, 2013 and February 16, 2017, with the exception of any periods of time for which delay may properly be attributed to the plaintiffs.

On this point, Plaintiffs assert that there are no periods of time during which the accumulation of delay damages may be tolled. Defendant CMI, on the other hand, contends that because the plaintiffs' settlement demand was unreasonable, they should be limited to collecting delay damages for the time frame between the date of service (June 1, 2013) and the date on which they ostensibly articulated their settlement posture at the first mediation on December 8, 2014. Putting aside the irrelevancy of plaintiffs' allegedly unreasonable settlement demand for the moment, CMI offers no proof or any details whatsoever as to what

---

[2] As noted by Plaintiffs, following removal, they filed a motion for remand to the Philadelphia County Court of Common Pleas which was granted on January 15, 2013. Thereafter, Continental Motors joined the United States as a party to this action and again removed it to the Eastern District. At that time, a new docket number – the current one: 2:13-CV-2949 was assigned. (Pls' Motion for Delay Damages, p. 2, n.1). Continental notes that while Plaintiffs never perfected service of process upon it and it never accepted service, June 1, 2012 may be properly deemed to be the date upon which original process was served. (CMI's Brief in Opposition to Plaintiffs' Motion for Delay Damages, p. 9, n.8).

7

the demand or settlement "posture" was or why it found that posture to be unreasonable. On the other hand, the following appears from the exhibits attached to Plaintiffs' Reply in Support of an Award of Delay Damages: (1) that CMI sought mediation in late November, 2014 suggesting Carl Greenberg of Budd Larner as a mediator and that the mediation could be held in Philadelphia. (2) Plaintiffs' and Sterling's counsel indicated they were willing to participate and agreed to Mr. Greenberg as the mediator. In so doing, Plaintiffs' counsel stated that since he had previously written what his perception was of the range that the mediation should focus on, he did not want to waste time and effort unless CMI's counsel did not intend to engage in serious discussions. (3) The mediation was held in Mr. Greenberg's office in Short Hills, NJ on December 8, 2014. Plaintiff and her attorneys traveled from West Virginia to attend and subsequently paid $2,107.50 for their portion of the mediator's fees. Also in attendance were Defendant Sterling's counsel and counsel for then-defendant United States. (Exhibits "A" and "B" to Pls' Reply in Support of Delay Damages). It further appears that the mediation was adjourned without any settlement demand or offers having been made. A little more than one year later in January 2016, CMI again asked if Plaintiffs would be interested in mediating, but this time Plaintiffs' counsel conditioned his and his client's attendance on

8

Defendants' making of a pre-mediation offer in order that they might evaluate the sincerity of the defendants toward settlement. At that time, Plaintiffs' counsel made a pre-mediation demand of $15 million. (Exhibit "A" to CMI's Brief in Opposition to Plaintiffs' Motion for Delay Damages).

While this Court certainly agrees with Defendant that a $15 million demand was unreasonable, we do not find it so outrageous as to have stopped CMI from all further settlement conversations. Clearly, it was intended to be a starting point for discussion. Indeed, in our experience it is not at all unusual for a plaintiff to make an unrealistic demand at the outset of settlement discussions given that all negotiations going forward would naturally compel the plaintiffs to consider a lesser sum - never does a defendant offer an amount which is *more* than an initial demand. As the Pennsylvania Supreme Court noted in <u>Costa</u>, there is nothing to prevent a defendant from protecting itself against the assessment of delay damages by extending a prompt, reasonable settlement offer in response. 626 A.2d at 570. Hence, in electing to refrain from so doing, CMI proceeded at its own risk and this decision cannot now be ascribed to the fault of the plaintiffs.

We therefore turn now to examine what delays, if any, over the course of the litigation may have been attributable to the Plaintiffs. In reviewing the docket and history of this case, we

9

simply cannot find any instances in which the plaintiffs may properly be charged with delaying the trial of this matter.  To be sure, this was a somewhat complex matter involving extensive discovery, including several inspections of the aircraft, extensive written discovery, and multiple depositions of fact and expert witnesses who were located throughout the country.  At various points, this matter had been consolidated with one of the other of the three lawsuits arising out of this tragic accident, necessitating the coordination of the schedules of additional attorneys.  Three people were killed with the result that the damages sought were considerable.  For its part, CMI strenuously defended against the production of some of the discovery sought from it which required that Plaintiffs file several motions to compel against it and on multiple occasions, even after this Court had ruled on those motions, CMI thereafter sought reconsideration and/or clarification and filed motions for protective order.  While CMI is correct that Plaintiffs sought and were granted leave rather late in the game to amend their complaint, the amendment sought was to conform the pleadings to the evidence which was uncovered in the discovery process.  The Scheduling Orders in this action were amended and the time for discovery was enlarged several times, but it appears that these extensions were nearly all joint requests by all of the parties involved.  Consequently, we can reach no other conclusion but

10

that based upon the record, there are no periods of delay which may be ascribed to the plaintiffs.

## Calculation of Delay Damages

Pursuant to the mandate of Rule 238, "[d]amages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded." Pa. R. C. P. 238(a)(3). For the years beginning in January 2013, 2014 and 2015, the Wall Street Journal's published prime rate was 3 1/4%. For 2016, the prime rate was 3 ½% and for 2017, the rate is 3 3/4%. We therefore now compute the delay damages as follows:

    For 2013: $2,753,048.49 X 4.25% (.0425) X .589 (215 days of 365)

        2013 Total: $68,915.68

    For 2014: $2,753,048.49 X 4.25% (.0425) X 1 (365 days of 365)

        2014 Total: $117,004.56

    For 2015: $2,753,048.49 X 4.25% (.0425) X 1 (365 days of 365)

        2015 Total: $117,004.56

    For 2016: $2,753,048.49 X 4.50% (.0450) X 1 (365 days of 365)

        2016 Total: $123,887.18

    For 2017: $2,753,048.49 X 4.75% (.0475) X .128 (47 days of 365)

        2017 Total: $16,738.53

Accordingly, we find and shall award to Plaintiffs delay damages in the aggregate amount of $443,550.51.  An order follows.